NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS COUVERTIER,<br><br>            Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,<br><br>            Defendant. | Civil Action No: 23-3484 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br><br>December 22, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant New Jersey Transit Rail Operations, Inc.'s ("Defendant") motion to vacate entry of default (D.E. 7 ("Motion")) pursuant to Federal Rule of Civil Procedure ("Rule") 55(c), and this Court having reviewed the parties' submissions; and

**WHEREAS** on June 28, 2023, Plaintiff Nicholas Couvertier ("Plaintiff") filed this action against Defendant, his former employer, alleging that he was unlawfully terminated for engaging in protected activities—namely, reporting a safety hazard and a potential injury. (*See generally* D.E. 1 ("Complaint").) On July 12, 2023, Plaintiff served Defendant with the summons and Complaint. (D.E. 3.) This matter then sat idle until October 26, 2023, when this Court issued a notice of call for dismissal pursuant to Local Civil Rule ("Local Rule") 41.1(a).[1] The next day,

---

[1] Local Rule 41.1(a) instructs courts in this District to dismiss inactive cases—*i.e.*, cases that "have been pending in the Court for more than 90 days without any proceedings having been taken therein"—"unless good cause is shown." L. Civ. Rule 41.1(a). Before doing so, this Court must provide notice to the parties. *Id.*

Plaintiff sought entry of default pursuant to Rule 55(a), which the Clerk of Court entered on October 30, 2023.  (D.E. 5.)  Defendant now asks this Court to set aside the Clerk's entry of default, arguing that its delay in responding to the Complaint was minimal and unintentional.  (*See generally* D.E. 7-3); and

**WHEREAS** Rule 55(c) permits courts to "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, a district court must consult three factors:  (1) whether setting aside the default would prejudice the plaintiff, (2) whether the defendant has a *prima facie* meritorious defense, and (3) whether the defendant's culpable conduct led to the default.  *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).  Notably, the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits."  *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) ("[T]his court does not favor entry of default or default judgments.").  Therefore, "doubtful cases [must] be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"  *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (quoting *Tozer*, 189 F.2d at 245); and

**WHEREAS** the three *Farnese* factors largely weigh in favor of setting aside the entry of default.  First, there is no apparent prejudice to Plaintiff; mere "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding."[2]  *Emcasco Ins. Co. v. Sambrick*, 834

---

[2] Plaintiff's suggestion that Defendant's delay caused the spoliation of evidence is unsupported and unpersuasive.  To be sure, Plaintiff argues that Defendant maintains a policy by which it deletes internal emails after 90 days.  (D.E. 8 at 2.)  Besides Plaintiff's own *ipse dixit*, however, he provides no evidence to show that that policy exists.  In any event, Plaintiff filed this suit in June 2023, seeking relief for injuries that occurred in July 2022 (D.E. 1 ¶¶ 8, 13); thus, any emails from the pertinent time period would have been deleted well before Plaintiff even filed suit.

F.2d 71, 74 (3d Cir. 1987) (alterations in original) (quoting *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656–67 (3d Cir. 1982)).  Second, Defendant has presented several *prima facie* meritorious defenses that, if successful, would vitiate Plaintiff's claims.  *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 140–41 (3d Cir. 2017) ("[W]e have held that a defendant has established a meritorious defense when its 'allegations, if established at trial, would constitute a complete defense.'" (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195)).  Third, there is no evidence in the record to suggest that Defendant acted willfully or in bad faith.  *See Feliciano*, 691 F.2d at 657 ("The third Farnese factor focuses on whether the defendant was culpable, that is, whether [he or she] acted willfully or in bad faith.").  Neglect, standing alone, is not enough.[3]  *See Farnese*, 687 F.2d at 765 ("We cannot tell why original defense counsel did not request more time, but on this record the actions . . . in allowing the default do not appear to amount to more than neglect.").  Consequently, this Court will vacate the entry of default dated October 30, 2023; therefore

Defendant's Motion is **GRANTED**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
James B. Clark, U.S.M.J.

---

[3] Although the third *Farnese* factor requires "more than mere negligence," it can be satisfied by a showing of "less than '"knowing" disregard.'" *KZY Logs. LLC*, 675 F. App'x at 142 (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182–83 (3d Cir. 1984)).  Defendant, however, has failed to provide any procedural history or timeline explaining the cause of the delay in "refer[ing] this case to outside counsel," (D.E. 7-3 at 8–9), leaving this Court unable to discern whether that delay was due to Defendant's knowing disregard or otherwise culpable conduct.  Because it is favored to resolve cases on the merits and Plaintiff is not prejudiced by this Court's vacating the entry of default, this Court will do so.  *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" (quoting *Tozer*, 189 F.2d at 245)).